UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CASE NO. _____

MIELE, INC., a Delaware Corporation

        Plaintiff,

vs.

BUILDER SPECIALTIES, INC.,
a Georgia Profit Corporation,

        Defendant.

_____/

## **COMPLAINT**

    Plaintiff, MIELE, INC., a Delaware corporation ("Miele"), sues Defendant, Builder Specialties, Inc. ("Builder"), and alleges:

## **THE PARTIES, JURISDICTION AND VENUE**

    1.    Miele is a Delaware corporation with its principal place of business in New Jersey.

    2.    Builder is a Georgia corporation with its principal place of business in Georgia.

    3.    Builder is engaged in the business of selling and installing appliances including in the State of Florida. Builder sold and installed the coffee system at issue in this action in the State of Florida.

4.      Builder is subject to the long-arm jurisdiction of Florida because the alleged cause of action arises from Builder, personally or through an agent, operating, conducting, engaging in, or carrying on a business or business venture in Florida or having an office or agency in Florida and/or committing a tortious act within the State of Florida. *See* § 48.193(1)(a), Fla. Stat. *See also* § 48.181(1)(3), Fla. Stat.

5.      This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because the action is between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6.      Venue is proper in the Northern District of Florida under 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

7.      This is an action for common law indemnification and contractual indemnification against Builder.

8.      On or about May 17, 2022, The Cincinnati Specialty Underwriters Insurance Company ("Cincinnati"), Cincinnati as subrogee of EGCD CONSTRUCTION, LLC d/b/a ALYS BEACH CONSTRUCTION ("EGCD/Alys Beach") and Cincinnati as assignee of MATTHEW AND SHERRI MCKAY (the "McKays") (together, the "Cincinnati Plaintiffs"), filed an action in the Circuit Court of the First Judicial Circuit in and for Walton County, Florida, Case No.

-2-

2022 CA 000210 (the "State Court Action"), against Miele and several other defendants, including Builder, in connection with alleged damages to a property located at JJ-4 and JJ-5 Phase 2B, Block JJ, Lots 4 and 5, Alys Beach, Florida 32461 (the "Property").

9.     On November 30, 2022, following severance of certain claims, the State Court Action was removed to this Court, Case No. 3:22-cv-23795-TKW-HTC (the "Related Action").

10.    The Related Action is currently pending before this Court and Builder is a named party-defendant in that action.[1]

11.    On December 7, 2022, the Cincinnati Plaintiffs filed their First Amended Complaint ("FAC") in the Related Action. *See* Related Action, at Doc. 8.

12.    For jurisdictional and factual allegations purposes only, Miele incorporates by reference hereto the allegations contained in the Cincinnati Plaintiffs' FAC, attached hereto as **Exhibit "A,"** as if fully alleged herein.

---

[1]Prior to filing this Complaint, Miele sought to assert the claims asserted herein substantially in the same form as Crossclaims against Builder in the Related Action. Miele filed a Motion for Leave to Amend Miele's Affirmative Defenses and to assert Crossclaims against Builder in the Related Action. Plaintiffs have since agreed to Miele's motion. However, as of this date, Builder opposes the motion. Given Builder's opposition and the statute of limitations for certain claims of February 15, 2023, Miele is filing this separate action in an abundance of caution.

13.     The Cincinnati Plaintiffs allege that a coffee system malfunctioned causing damage to the Property.

14.     The Cincinnati Plaintiffs allege that the "coffee system was manufactured by Miele, and then sold and installed by [Builder]."

15.     Based on the foregoing, the Cincinnati Plaintiffs' FAC assert claims against Miele for Negligence (Count One) and Strict Liability (Count Two).

16.     The Cincinnati Plaintiffs' FAC also asserts claims against Builder for Negligence (Count Three), Strict Liability (Count Four), Breach of Express Warranty (Count Five), Breach of Implied Warranty (Count Six), breach of contract for construction defect (Count Seven) and Contractual Indemnification (Count Eight).

17.     Miele denies any and all liability to the Cincinnati Plaintiffs, further denies that the Cincinnati Plaintiffs are entitled to any relief against it and asserts that Miele is wholly without fault for the damages alleged by the Cincinnati Plaintiffs.

18.     If, however, Miele is deemed liable for all or part of the damages alleged by the Cincinnati Plaintiffs, Builder is liable to Miele under contractual indemnity and common law indemnity and should be required to indemnify Miele in whole or in part for any amounts awarded the Cincinnati Plaintiffs.

## COUNT I
## Contractual Indemnification

19.    Miele realleges and incorporates Paragraphs 1 through 18 above as if fully set forth herein.

20.    Miele is wholly without fault for the damages alleged by the Cincinnati Plaintiffs.

21.    The coffee system in question was purchased by Builder from Miele subject to specific terms and conditions.  *See* Invoice attached as **Exhibit "B"** and Terms and Conditions of Sales and Delivery attached as **Exhibit "C."**

22.    On or about November 5, 2018, Builder purchased the subject coffee system from Miele.  *See* Ex. B.  The Invoice states that "[t]his order is subject to the terms and conditions on the reverse side."  *Id.*

23.    The Terms and Conditions of Sale and Delivery provide as follows:

XII. Indemnification – *Purchaser agrees to defend, indemnify and hold Seller* harmless from and against any and all costs, losses, expenses, damages, claims, liabilities or fines, including, but not limited to, attorneys' fees and court costs, resulting from or arising in connection with (i) any and all actual or alleged injuries to, or deaths of, persons and *any and all damage to, or destruction of property arising directly or indirectly from or relating to the Products sold pursuant to this form*, or any products or items manufactured using such Products, or (ii) any failure of Purchaser to perform any covenant contained herein except for such costs, losses, expenses, damages, claims, liabilities or fines which directly are caused by or result for Sellers's willful misconduct or gross negligence.

*See* Ex. C. (emphasis added)

24.     Based upon the above referenced Terms and Conditions of Sale and Delivery, Builder is contractually obligated to indemnify and defend Miele against the Cincinnati Plaintiffs' claims.

25.     Accordingly, Miele demands and is entitled to contractual indemnification and defense from Builder.

WHEREFORE, to the extent any judgment is obtained by the Cincinnati Plaintiffs against Miele, Miele demands judgment for contractual indemnification against Builder for the full amount of any such judgment, including costs and attorneys' fees. Miele further demands a defense from Builder and seeks any and such further relief as this Court deems just and proper.

## COUNT II
## Common Law Indemnification

26.     Miele realleges and incorporates Paragraphs 1 through 18 above as if fully set forth herein.

27.     Miele is wholly without fault for the damages alleged by the Cincinnati Plaintiffs.

28.     The coffee system in question was purchased by Builder from Miele subject to specific terms and conditions. *See* Ex. B and Ex. C.

29.    On or about November 5, 2018, Builder purchased the subject coffee system from Miele. *See* Ex. B. The Invoice states "[t]his order is subject to the terms and conditions on the reverse side." *Id.*

30.    The Terms and Conditions of Sale and Delivery provide as follows:

XII. Indemnification – *Purchaser agrees to defend, indemnify and hold Seller* harmless from and against any and all costs, losses, expenses, damages, claims, liabilities or fines, including, but not limited to, attorneys' fees and court costs, resulting from or arising in connection with (i) any and all actual or alleged injuries to, or deaths of, persons and *any and all damage to, or destruction of property arising directly or indirectly from or relating to the Products sold pursuant to this form*, or any products or items manufactured using such Products, or (ii) any failure of Purchaser to perform any covenant contained herein except for such costs, losses, expenses, damages, claims, liabilities or fines which directly are caused by or result for Sellers's willful misconduct or gross negligence.

*See* Ex. C. (emphasis added)

31.    Based upon the above referenced Terms and Conditions of Sale and Delivery, Builder is contractually obligated to indemnify and defend Miele against the Cincinnati Plaintiffs' claims. Based on this contractual relationship, Builder has a special relationship with Miele which also entitles Miele to common law indemnification from Builder.

32.    Further, the Cincinnati Plaintiffs allege that Builder installed and tested the coffee system at the Property.

33. Miele's operating and installation manual provides specific instructions and specifications for installation of the coffee system. These instructions and specifications include, but are not limited to: (i) the non-return valve must be easily accessible when the coffee system is built in, (ii) the protective sleeve of the water intake hose must not be damaged or become kinked, or it will cause a leak, (iii) specifications regarding the appropriate water pressure, (iv) the water supply is shut off during extended periods of non-use, (v) all devices used for connecting the appliance to the water supply must comply with the current national and local safety regulations in the country in which the appliance is being installed, (vi) a shutoff valve must be provided between the water supply line and the building's water supply to ensure that the water supply can be cut off if necessary, (vii) the shut-off valve must be accessible after the unit has been installed, (viii) slowly open the shut-off valve to the water supply and check for leaks and, if necessary, check whether the sealing ring and fittings are tight; and (ix) installation and repairs by unqualified persons can use considerable dangers to others.

34. Given the specifications in Miele's manual as it relates to installation, it was foreseeable that installers such as Builder would rely on Miele's instructions and specifications and would perform its work and installation in a safe and nonnegligent manner, in a manner that comports with Miele's instructions and

-8-

specifications in the manual, and in a manner that would not modify, alter or impact the coffee system or its functionality.

35.    As a foreseeable party that with reasonable certainty would be injured if Builder, as an alleged professional and the installer, acted negligently, Builder owed a duty to Miele to perform its services in a safe and nonnegligent manner, in a manner that comports with Miele's instructions and specifications in the manual and in a manner that would not modify, alter or impact the coffee system or its functionality.

36.    Builder, as the party responsible for performing the installation of the coffee system, also had a special relationship with Miele by virtue of the character of the conduct between the parties and by virtue of the duty owed to Miele to exercise reasonable care, and comply with the existing standards of care, in Builder's installation of the coffee system.

37.    Upon information and belief, Builder and/or its subcontractors was at fault for the damages alleged in the FAC for, including, but not limited to, one or more of the following which impacted the functionality of the coffee system: (i) failing to provide a non-return valve that was easily accessible when the coffee system is built in, (ii) failing to provide a protective sleeve of the water intake hose that was not damaged or kinked, (iii) failing to abide by the specifications regarding the appropriate water pressure, (iv) failing to shut off the water supply

during extended periods of non-use, (v) failing to use devices for connecting the appliance to the water supply that complied with the applicable national and local safety regulations, (vi) failing to provide a shutoff valve between the water supply line and the building's water supply to ensure that the water supply can be cut off if necessary, (vii) failing to provide a shut-off valve that was accessible, (viii) failing to check for leaks and, if necessary, failing to check whether the sealing ring and fittings were sufficiently tight, (ix) modifying/altering the plumbed coffee system and (x) being unqualified to perform installation, repairs or other work on the coffee system.

38.     The foregoing was not foreseeable and should be considered the sole cause of harm.

WHEREFORE, to the extent any judgment is obtained by the Cincinnati Plaintiffs against Miele, Miele demands judgment for common law indemnification against Builder for the full amount of any such judgment, including costs and attorneys' fees, and seeks any and such further relief as this Court deems just and proper.

Dated: February 13, 2023

Respectfully submitted,

By:   /s/ Dennis M. Campbell
        Dennis M. Campbell, Esq.
        FBN: 271527
        Tania M/ Varela, Esq.
        FBN: 57802
        CAMPBELL LAW FIRM PLLC
        ***Counsel for Plaintiff, Miele, Inc.***
        201 Alhambra Circle, Suite 602
        Coral Gables, Florida 33134
        Telephone (305) 444-6040
        Facsimile: (305) 444-6041
        E-Mail: dcampbell@campbellmiami.com
        E-Mail: tvarela@campbellmiami.com
        E-Mail: service@campbellmiami.com

472150

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

MIELE, INC., a Delaware Corporation

## DEFENDANTS

BUILDER SPECIALTIES, INC., a Georgia Profit Corporation

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Gwinnett
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Dennis M. Campbell, Esq. FBN: 271527 and Tania M. Varela, Esq., FBN: 57802
CAMPBELL LAW FIRM PLLC, 201 Alhambra Circle, Suite 602, Coral Gables, Florida 33134
Telephone (305) 444-6040 / Fax (305) 444-6041
Email: dcampbell@campbellmiami.com ; tvarela@campbellmiami.com ; service@campbellmiami.com

Attorneys *(If Known)* J. Andrew Talbert, Esq.
Quintairos, Prieto, Wood & Boyer, P.A., 114 E. Gregory Street, 2nd Floor, Pensacola,
Florida 32502
Ph: (850) 434-6490 Fax: (850) 434-6491
Email: atalbert@qpwblaw.com

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **INTELLECTUAL** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 830 Patent | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | ☐ 835 Patent - Abbreviated | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | New Drug Application | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 880 Defend Trade Secrets | (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | Act of 2016 | ☐ 485 Telephone Consumer |
| ☒ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | ☐ 862 Black Lung (923) | Exchange |
| | Medical Malpractice | | Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | **FEDERAL TAX SUITS** | Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| | Employment | **Other:** | ☐ 462 Naturalization Application | 26 USC 7609 | Agency Decision |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of |
| | Other | ☐ 550 Civil Rights | Actions | | State Statutes |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation - Transfer   ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1332 Diversity

Brief description of cause:
Contractual indemnification and common law indemnification

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ > $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

THE CINCINNATI SPECIALTY UNDERWRITERS INSURANCE COMPANY, THE CINCINNATI SPECIALTY UNDERWRITERS INSURANCE COMPANY, a/s/o EGCD CONSTRUCTION, LLC d/b/a ALYS BEACH CONSTRUCTION and THE CINCINNATI SPECIALTY UNDERWRITERS INSURANCE COMPANY,

JUDGE   Judge T. Kent Wetherell II    DOCKET NUMBER 3:22-cv-23795-TKW-HTC

DATE   2/13/23

SIGNATURE OF ATTORNEY OF RECORD   *Dennis M. Campbell*

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

JS 44 Reverse (Rev. 04/21)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.**   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.**   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.